### CRANE vs. BAILLIO.

7ns273
e108 213

APPEAL from the court of the sixth district, the judge of the fifth presiding.

MARTIN, J. delivered the opinion of the court. The petitioner, as third possessor, obtained an injunction to prevent the execution of a writ of seizure and sale obtained by Baillio, as syndic of the creditors of the estate of J. H. Gordon, on a mortgage given by the petitioner's vendor to secure the payment of two notes due to Maria C. Wilson, for her benefit and that of her minor children—on the affidavit of Baillio that the notes were given for a debt of Gordon's estate, at the time it was administered by Mrs. Wilson, were surrendered by her to the court of probates and came to his possession as syndic of the estate.

*The right of the assignee must be established by matter of record, before he claim a writ of seizure & sale.*

*A partner cannot offer a partnership debt, in compensation of a debt of his, in his individual capacity.*

Western Dis.
October 1828.

CRANE
vs.
BAILLIO.

The injunction was dissolved and the petitioner appealed.

His counsel urges that the injunction issued improperly, as none of the facts to be established by the applicant, except the creation of the debt and mortgage, were established by authentic acts; but merely by the affidavit of the applicant. He relies on 10 *Martin*, 222 *Wray* vs. *Henry.*

We held in this case that a writ of seizure and sale could not be obtained by an endorsee, who did not establish his right by an authentic act; it is not necessary that the applicant for a writ of seizure and sale should produce an authentic act, by which the debtor became bound to him—it is sufficient, after having produced the authentic act by which the debtor is bound, that he should show he has succeeded to the rights of the creditor; but this he must do by legal proof, and one's own oath is no legal proof, except in cases, in which the law for particular purposes made it receivable.— *El que pide execucion ha de legitimar su persona. Cur. Phil. Executante 12, El heredero ha de legitimar su persona en principio de la litis, o en lo menos, en el termino de la oppocicion, id. n. 6.*

The reason of this difference, as to the heir, is that his heirship is often, without any fault on his part, not susceptible of proof by authentic act, as when, being of full age and only heir, he succeeds to his ancestor; while he, *who succeeds to the rights of the creditors* by contract, has always in his power to produce authentic evidence of the transfer.

Having held, in the case from 10 *Martin*, that the endorser of a note, the payment of which is secured by mortgage, cannot establish the endorsement, at the judge's chambers, by witnesses and consequently by his own oath; it follows that Baillio could not establish his right under Mrs. Wilson, by his own affidavit.

But, in the present case the evidence spread on the record in the district court establishes by authentic documents that Baillio is the syndic of the creditors of the estate; that the notes were received by Mrs. Wilson while she administered the estate; that she surrendered them into the court of probates in the settlement of her accounts, as evidence of uncollected debts due to the estate. On this evidence at chambers, a writ of seizure and sale ought to have issued, and if the district court

Western Dis.
October 1828.

CRANE
*vs.*
BAILLIO,

had made the injunction perpetual, the creditor might have instantly prayed for a new writ of seizure and sale; this justified the district court in dissolving the injunction.

An injunction, which has issued unadvisedly, will not be dissolved, if it appears from the evidence that the party will be instantly entitled to a new one. *Bushnell* vs. *Broom's heirs, vol.* 4, 499. *Exercios* vs. *Weyss, vol.* 3, 480.

The petitioner has offered in compensation a debt due by the estate to the firm of Kay & Shiff, of which his vendor, the maker of the note, is a member; this was properly rejected as a partner cannot apply a debt due to the partnership in compensation of what he owes in his individual capacity.

The petitioner had a right to complain of the issuing of the writ of seizure and sale, before due proof was exhibited of all material facts; he had a right to suspend the execution of it, and cannot be mulcted with costs for having done so.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that

the injunction be dissolved, the defendant and appellee paying costs in both courts.

*Rigg & Winn* for the plaintiff—*Flint* for the defendant.